EVANS PRODUCTS CO. *v.* BEALE.

BILLS AND NOTES—DELIVERY—EVIDENCE.

In action on note given to corporate employer of defendant in which he interposed defense of conditional delivery, accompanying letter that the amount of the note was to be deducted from commissions when, as, and if his total earnings amounted to over a given sum pertained to the time and method of payment rather than his liability on the note especially when there was evidence that subsequently defendant admitted liability on the note.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 7, 1944. (Docket No. 49, Calendar No. 42,677.) Decided May 17, 1944.

Assumpsit by Evans Products Company, a Michigan corporation, against Ralph S. Beale on a note. Judgment for plaintiff. Defendant appeals. Affirmed.

*Foster, Yost & Lott,* for plaintiff.

*Wiley, Streeter & Meyer,* for defendant.

NORTH, C. J. On trial before the court without a jury, plaintiff had judgment against defendant, the suit being based on a $1,000 note given by defendant to plaintiff. Defendant has appealed. In the main, the defense urged is that there was ''conditional delivery'' of the note, and since the condition has not been fulfilled defendant is not liable on the note.

In 1938 defendant entered plaintiff's employ as a salesman for certain of plaintiff's products. During that year defendant became indebted to plaintiff for $1,000 borrowed from plaintiff. In 1939 defendant entered into a new contract of employment with plaintiff. On July 5, 1939, plaintiff's treasurer, Milton E. Stover, wrote defendant a letter in confirmation of the terms of the 1939 contract. It contained the following paragraph:

''By accepting this letter, you acknowledge your indebtedness to the company in the amount of $1,000, which was advanced to you in 1938. This $1,000 is to be deducted from commissions when, as and if your total earnings amount to over $8,000. In other words, on amounts that may become due over $8,000.''

Defendant's earnings in 1939 did not exceed $8,000 and his indebtedness to plaintiff continued

in the amount hereinbefore noted. Again in 1940 a contract of employment was entered into between the parties. On April 2, 1940, a letter written by R. B. Evans, plaintiff's vice-president, to defendant intimated the writer had been advised that defendant had taken the position he would never repay to plaintiff the $1,000 loan. In this letter the vice-president stated:

"I have been severely criticised on account of this (making the loan to defendant) and must take the stand that the note (evidently enclosed in the letter) must be signed or we will have to ask for your resignation. That's pretty strong, but so is your refusal (to repay the indebtedness)."

On April 4th defendant wrote a letter in reply in which he inclosed the executed note. In explanation of his attitude in part he said:

"Later (sometime after February, 1939) in your office you asked me to agree to have this amount deducted from all earnings for 1939 in excess of $8,000. On July 5, 1939, Mr. Stover (treasurer of plaintiff company) dictated a letter of agreement stating this condition. It was my understanding then that if the earnings for 1939 did not exceed $8,000 that the indebtedness would be wiped out in view of my losses in 1938——."

The above clearly refers to the portion of the letter of July 5, 1939, first above quoted; and the quoted portion of the July 5th letter is all that there was in the letter in reference to defendant's $1,000 indebtedness. Defendant, as a witness in his own behalf, produced, and there was received in evidence over plaintiff's objection, a carbon copy of a memorandum (exhibit 5) reading as follows:

"April 4, 1940.

"The attached note is signed with the understanding that payment is to be made in the same

manner and under the same conditions as outlined by M. E. Stover in his letter written on July 5, 1939.

(Signed)   R. S. BEALE."

Concerning this memorandum and defendant's letter of the same date, and also his note inclosed with the letter, defendant testified:

"The note that I signed was attached to the original of this carbon copy and clipped with the letter altogether with an ordinary paper clip and inclosed in an envelope and addressed, and was mailed to Mr. Robert Evans."

As against the foregoing testimony Mr. Stover, plaintiff's treasurer and comptroller, testified:

"It (the note in suit) came to my desk in the usual course of business in the Evans Products Company. At the time that note came to my desk there was not to my recollection any attachment to it. In the usual course of business, anything that came along with it would be attached. I don't recall seeing exhibit 5 before. I did not see that document attached to the note which is exhibit 11. I don't recollect ever seeing the original of exhibit 5."

Defendant's services with plaintiff were terminated October 1, 1940. At no time during defendant's employment did his earnings exceed $8,000 per year. As above noted, for that reason, and claiming that the note to plaintiff was conditionally delivered, defendant asserts nonliability. On this issue the trial judge said:

"I think a fair construction of this language (above quoted from the letter dated July 5, 1939) must lead to the conclusion that the language pertaining to the earnings of $8,000 merely has to do with the time and method of payment and does not

absolve the defendant from his liability. It can be seen from this language that the plaintiff was in a position that at any time in its judgment if the defendant's commissions should reach the sum of $8,000 or in excess of that sum, that it then could deduct the entire obligation."

The record convinces us that the holding of the trial judge was correct. Clearly the quoted portion of the July 5th letter was merely an expression of an understanding that in payment of the $1,000 loan plaintiff might deduct any commission in excess of $8,000 earned by defendant in the current year. So far as disclosed by the record, there was no justification for defendant's assumption: "that if the earnings for 1939 did not exceed $8,000 that the indebtedness would be wiped out." That such was not his understanding quite conclusively appears from his having written plaintiff as late as July 19, 1940, as follows: "Why not apply this commission which I figure amounts to $943.68 against the note that you hold signed by me for $1,000." Further, we do not find that defendant has any ground for complaint because of the fact that the commission of $943.68, just above noted, was applied against other indebtedness due from defendant to plaintiff rather than in part payment of the note in suit.

The judgment entered in the circuit court is affirmed, with costs to appellee.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.